OPINION
{¶ 1} Appellant, Pedro Morales, appeals from the trial court's judgment entry of sentence following his guilty pleas to one count of gross sexual imposition, one count of pandering sexually oriented material involving a minor, and one count of attempted rape. Appellant also appeals the trial court's judgment labeling him a sexual predator. We affirm.
 {¶ 2} Appellant's estranged wife discovered videotapes, made by appellant, of appellant engaging in sex acts with his prepubescent music students. Appellant's wife turned these videotapes over to police. Appellant was subsequently indicted for (1) gross sexual imposition, R.C.2907.05(A)(4), a third degree felony; (2) kidnapping, R.C. 2905.01(A)(2), a second degree felony; (3) pandering sexually oriented material involving a minor, R.C. 2907.322(A)(1), a second degree felony; (4) pandering obscenity involving a minor, R.C. 2907.321(A)(1), a second degree felony; (5) rape, R.C. 2907.01(A)(1)(b), a first degree felony; and (6) kidnapping, R.C. 2905.01(A)(2), a second degree felony.
 {¶ 3} Appellant subsequently pleaded guilty pursuant to North Carolinav. Alford (1970), 400 U.S. 25, to counts 1 and 3 and to a lesser-included offense of count 6, i.e., attempted rape, R.C. 2923.02, a second degree felony.
 {¶ 4} The trial court then held a joint sentencing and sexual predator hearing. Following this hearing, the trial court sentenced appellant to serve seven years for pandering sexually oriented material involving a minor, seven years for attempted rape, and four years for gross sexual imposition, with the four-year term to be served concurrently with the seven year terms and the seven year terms to be served consecutively. Thus, appellant received an aggregate sentence of fourteen years. The trial court also found appellant to be a sexual predator.
 {¶ 5} Appellant appeals from the trial court's judgment entry of sentence and sexual predator determination raising four assignments of error:
 {¶ 6} "[1.] The trial court erred to the prejudice of the defendant-appellant when it ordered a term of imprisonment by making findings under the applicable sentencing statutes that were not supported by the record.
 {¶ 7} "[2.] The trial court erred to the prejudice of the defendant-appellant when it ordered consecutive sentences.
 {¶ 8} "[3.] The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence.
 {¶ 9} "[4.] The trial court erred when it sentenced the defendant-appellant to more than the minimum prison term and consecutive sentences based upon a finding of factors not found by the jury or admitted by the defendant-appellant in violation of the defendant-appellant's state and federal constitutional rights to trial by jury."[1]
 {¶ 10} In his first assignment of error, appellant contends the trial court erred in imposing a term of imprisonment.
 {¶ 11} We review a felony sentence de novo. State v. Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 Ohio App. LEXIS 2487.3. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 12} Appellant pleaded guilty to a third degree felony and two second-degree felonies. There is no presumption for or against a term of imprisonment for a third degree felony. R.C. 2929.13(C). For a second degree felony, it is presumed a prison term is necessary to comply with the purposes and principles of sentencing under R.C. 2929.11. R.C.2929.13(D).
 {¶ 13} When determining the sentence to impose the trial court must consider the factors set forth in R.C. 2929.12 relating to the seriousness of the offense and the offender's likelihood of recidivism. R.C. 2929.12(A).
 {¶ 14} Factors the court must consider that indicate an offender's conduct is more serious than conduct normally constituting the offense are:
 {¶ 15} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 16} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 17} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 {¶ 18} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 {¶ 19} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 {¶ 20} "(6) The offender's relationship with the victim facilitated the offense.
 {¶ 21} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 {¶ 22} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
 {¶ 23} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children." R.C. 2929.12(B)(1)-(9).
 {¶ 24} The trial court must consider the following factors that indicate the offender's conduct is less serious than conduct normally constituting the offense:
 {¶ 25} "(1) The victim induced or facilitated the offense.
 {¶ 26} "(2) In committing the offense, the offender acted under strong provocation.
 {¶ 27} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 {¶ 28} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(C).
 {¶ 29} The trial court must consider the following factors indicating that the offender is likely to re-offend:
 {¶ 30} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
 {¶ 31} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
 {¶ 32} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 {¶ 33} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
"(5) The offender shows no genuine remorse for the offense." R.C.2929.12(D). {¶ 34} The court must consider the following as factors indicating that the offender is not likely to commit future crimes:
 {¶ 35} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
 {¶ 36} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
 {¶ 37} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
 {¶ 38} "(4) The offense was committed under circumstances not likely to recur.
 {¶ 39} "(5) The offender shows genuine remorse for the offense." R.C.2929.12(E).
 {¶ 40} Further, the trial court must consider any other relevant factors that indicate the offender's conduct is more or less serious, or that the offender is likely or not likely to commit future crimes. R.C.2929.12(B); 2929.12(C); 2929.12(D); and 2929.12(E).
 {¶ 41} The trial court found the following factors indicated the offenses at issue were more serious than those normally constituting the offense: the age of both victims, who were six years old at the time of the offenses; there were multiple victims; and the risk of future psychological harm to the victims.[2]
 {¶ 42} The court also found appellant, as a private music instructor, held a position of trust and that the offenses related to that position of trust because appellant perpetrated his crimes upon his students. These same facts led the trial court to find appellant used his occupation to facilitate the offenses and that appellant's relationship with the victims facilitated the offenses.
 {¶ 43} The trial court also considered the psychological harm to the parents of these young children. While not directly "victims" as contemplated by R.C. 2929.12(B)(2), the trial court could properly consider this harm as another relevant factor. R.C. 2929.12(B). There can be little doubt appellant victimized the parents of these young girls. These parents entrusted their children to appellant in an effort to provide them a musical education at a young age. Appellant used that trust to prey on his victims. Now these parents are left with the knowledge they entrusted their children to someone who desired to harm them. This is real psychological harm and the trial court properly considered it.
 {¶ 44} All these findings are adequately supported by the record and indicate appellant's conduct was more serious than the conduct normally constituting the offense.
 {¶ 45} The trial court properly found that none of the factors listed in R.C. 2929.12(C) indicated appellant's conduct was less serious than the conduct normally constituting the offense.
 {¶ 46} While none of the statutorily enumerated factors indicated a likelihood of recidivism, the court properly considered other relevant factors. R.C. 2929.12(D). These other factors were that appellant committed these offenses under circumstances likely to reoccur. Appellant was a music teacher and this was his means of financial support. Thus, if not incarcerated, it was likely appellant would return to teaching.
 {¶ 47} The court also noted the state's expert, Dr. Fabian, stated to a reasonable degree of psychological certainty that appellant was at "a substantial and likely risk to reoffend in the future." The record supports these findings.
 {¶ 48} The court found factors indicating appellant was less likely to reoffend, i.e., he had no prior record as a juvenile or adult and had been a law-abiding member of society for a number of years. Despite these findings, we cannot find by clear and convincing evidence that the record does not support the sentence. Appellant's first assignment of error is without merit.
 {¶ 49} In his second assignment of error, appellant argues the trial court erred by imposing consecutive sentences. We find no merit to this argument.
 {¶ 50} R.C. 2929.14(E)(4) provides in relevant part:
 {¶ 51} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 52} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 53} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 54} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 55} Here, the trial court found consecutive sentences were necessary to protect the public or to punish appellant and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger that he posed to the public. The court then found, pursuant to R.C. 2929.14(E)(4)(b) that two of the offenses were committed as a part of a course of conduct and that the harm caused by two or more of the offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of appellant's conduct.
 {¶ 56} Appellant argues the record does not support this finding because there was no evidence of physical or psychological harm to the victims. We disagree.
 {¶ 57} First, we note the trial court properly found that the victims were likely to suffer serious psychological harm when they are of an age to understand what happened to them. Second, R.C. 2929.14(E)(4) does not require that the "harm" occur to the actual victim of the offense. Here, there was evidence in the form of victim impact statements, of the serious psychological harm caused to the parents of the victims. This satisfies the requirements of R.C. 2929.14(E)(4) under the facts of the instant case.
 {¶ 58} Appellant's second assignment of error is without merit.
 {¶ 59} In his third assignment of error appellant argues the trial court's judgment labeling him a sexual predator was against the manifest weight of the evidence. This argument is without merit.
 {¶ 60} We may find a judgment is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v.Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When considering a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We should only exercise this discretion in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 61} For the trial court to adjudicate appellant a sexual predator, it must have found, by clear and convincing evidence, that appellant was convicted of a sexually oriented offense and that he is likely to engage in the future in one or more sexually oriented offenses. R.C.2950.01(E)(1). See, also, State v. Eppinger, 91 Ohio St.3d 158, 163,2001-Ohio-247.
 {¶ 62} In the instant case, appellant does not challenge the trial court's finding that he was convicted of a sexually oriented offense. He challenges the second prong of the test, i.e., the trial court's determination that he is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 63} The Revised Code sets forth factors the trial court is to consider in determining whether an offender is likely to engage in the future in one or more sexually oriented offenses. These factors are: the offender's age; the victim's age; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim of the offense or to prevent the victim from resisting; if the offender has previously been convicted of or pled guilty to a criminal offense, whether the offender completed the sentence imposed and, if the prior offense was a sex offense, whether the offender participated in programs available for sex offenders; any mental illness or mental disability of the offender; the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse; whether, during the commission of the offense, the offender displayed cruelty or made one or more threats of cruelty; and any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(3);[3]Eppinger at 164.
 {¶ 64} In the instant case, the state presented evidence that the victims were six years of age at the time appellant victimized them and that appellant was twenty-nine. There were two victims for which sentence was imposed and appellant admitted to the existence of other victims. The state established that appellant suffered from pedophilia and exhibitionism. The state established a pattern of abuse as the crimes involved multiple victims over a period of time.
 {¶ 65} Appellant argues the expert testimony of Dr. Fabian, the state's witness, and appellant's expert, Dr. Eisenberg, demonstrate he is unlikely to commit a sexually oriented offense in the future. Appellant notes both doctors stated that based on appellant's test scores, he presented only a low to moderate risk of reoffending. This is true to some extent. However, it is important to note that Dr. Eisenberg qualified his interpretation of appellant's test results, i.e., he stated these results did not indicate specifically that appellant was a low to moderate risk to reoffend but only that the group of offenders with appellant's characteristics was at a low to moderate risk to commit a future sexually oriented offense. Dr. Eisenberg declined to give an opinion within a reasonable degree of psychological certainty as to whether appellant was likely to reoffend.
 {¶ 66} On the other hand, Dr. Fabian opined that within a reasonable degree of psychological certainty appellant had a "substantial (likely) risk" of committing a future sexually oriented offense.
 {¶ 67} While appellant did present evidence of his amenability to treatment, lack of prior record, lack of drug or alcohol problems, and other evidence that could indicate he was unlikely to reoffend, we cannot say the trial court's judgment labeling him a sexual predator was against the manifest weight of the evidence. Appellant's third assignment of error is without merit.
 {¶ 68} In his fourth assignment of error, appellant contends his sentences are constitutionally infirm based on the United States Supreme Court's decision in Washington v. Blakely (2004), 124 S.Ct. 2531. We disagree.
 {¶ 69} In Blakely, the defendant pleaded guilty to kidnapping involving the use of a firearm, a class B felony. In the state of Washington, the statutory maximum for a class B felony was ten years; however, other provisions of Washington law limited the range of sentences a judge could impose. Consequently, the "standard" statutory range for the offense to which Blakely pleaded guilty was forty-nine to fifty-three months. Although the guidelines set forth the "standard" sentence, a court could augment the "standard" sentence if it found any of a non-exhaustive list of aggravating factors justifying the departure. In Blakely, the trial court determined the defendant acted with "deliberate cruelty" and imposed a sentence of ninety-months, a thirty-seven month upward departure from the "standard."
 {¶ 70} The United States Supreme Court reversed the sentence holding a trial court may not extend a defendant's sentence beyond the statutory maximum when the facts supporting the enhanced sentence are neither admitted by the defendant nor found by the jury. The court emphasized that the statutory maximum is "the maximum sentence a judge may imposesolely on the basis of the facts reflected in the jury verdict oradmitted by the defendant." Id. at 2537. (Emphasis sic.)
 {¶ 71} Here, appellant pleaded guilty to two third-degree felonies and a seconddegree felony. The minimum statutory prison term for a second-degree felony is two years; the maximum term is eight years. The trial court imposed consecutive seven-year sentences. The minimum statutory prison term for a third-degree felony is one year; the maximum term is five years. The trial court imposed a four years sentence to run concurrent with the seven year sentences.
 {¶ 72} R.C. 2929.14(B) states:
 {¶ 73} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 74} "(1) The offender was serving a prison term at the time of the offense, or the offender previously served a prison term.
 {¶ 75} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 76} Appellant had never served a prison term; thus, to support its upward departure from the statutorily required minimum sentence, the trial court had to find the shortest prison term would demean the seriousness of appellant's conduct or not adequately protect the public from future crime.
 {¶ 77} Appellant contends the statute prescribes a minimum term of imprisonment so long as he was not serving a prison term at the time of the offense or had not previously served a prison term. To overcome this presumption, the court must engage in a fact-finding process. The facts permitting the upward departure, however, were neither admitted by appellant nor charged in the indictment; by implication, the R.C.2929.14(B)(2) facts were not reflected in a jury's verdict. Appellant concludes R.C. 2929.14(B) violates Blakely and therefore he was entitled to a minimum sentence on all counts.
 {¶ 78} Appellant's argument suggests Blakely acts to eliminate sentencing discretion. On the contrary, Blakely indicates a sentencing judge may exercise his discretion precisely to the extent doing so does not impinge upon the "jury's traditional function of finding the facts essential to lawful imposition of the penalty." Blakely, supra at 2540. Due Process "requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged." Patterson v. New York (1977), 432 U.S. 197, 210. As a criminal defendant has never enjoyed a Sixth Amendment right to jury sentencing, the penalty phase of a criminal trial does not implicate the full panoply of rights guaranteed by due process. Thus, judicial fact-finding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable doubt components of the Fifth and Sixth Amendments. Harris v. United States
(2002), 536 U.S. 545, 558.
 {¶ 79} It bears noting, "legislative bodies do not have the unfettered discretion to lessen the government's burden of proof of a criminal charge simply by characterizing a factor as a penalty consideration rather than as an element of the offense." United States v. Rigsby
(1991), 943 F.2d 631, 641. However, not every fact bearing on sentencing must be found by a jury. Jones v. United States (1999), 526 U.S. 227, 248. Since the inception of "sentencing ranges," judges have regularly considered uncharged factors, whether aggravating or mitigating, that, while increasing the defendant's punishment, have not transcended the limits of the specified punishment under the law. Harris, supra, at 562.
 {¶ 80} Citing Bishop, Criminal Procedure, section 85, at 54, the United States Supreme Court stated:
 {¶ 81} "`Where the law permits the heaviest punishment on a scale laid down, to be inflicted, and has merely committed to the judge the authority to interpose its mercy and inflict a punishment of a lighter grade, no rights of the accused are violated though in the indictment there is no mention of mitigating circumstances. The aggravating circumstances spoken of cannot swell the penalty above what the law has provided for the acts charged against the prisoner, and they are interposed merely to check the judicial discretion in the exercise of the permitted mercy. This is an entirely different thing from punishing one for what is not alleged against him.'" Harris, supra, 561-562.
 {¶ 82} Because the factors in question fit within this description, the general assembly's choice to entrust them to the judge does not improperly trespass on a defendant's Sixth Amendment right to a jury trial. Id.
 {¶ 83} The General Assembly has made it clear the R.C. 2929.14(B)(2) findings are sentencing factors. Upon his plea, appellant was subject, by law, to a sentence between two and eight years on the second degree felonies and one and five years on the third degree felony. Through the guidance of certain statutorily denoted "aggravating" circumstances, the court sentenced appellant to two seven-year terms and one four-year term. Because the R.C. 2929.14(B)(2) sentencing factors do not empower a court to "swell the penalty above what the law has provided," appellant is not entitled to have these facts charged, heard by a jury, and proved beyond a reasonable doubt.
 {¶ 84} Nor does the trial court's imposition of consecutive sentences violate the rule set forth in Blakely.
 {¶ 85} In Apprendi v. New Jersey (2000) 530 U.S. 466, 490, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Blakely refined the Apprendi rule when it held that "the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in a juryverdict or admitted by the defendant." (Emphasis sic.)
 {¶ 86} Appellant argues his consecutive sentences went beyond the statutory maximum for Apprendi purposes because the trial court made factual findings under R.C. 2929.14(E)(4) to support the imposition of consecutive sentences. Appellant concludes that because he neither admitted these additional facts nor were they found by a jury, his constitutional right to trial by jury was violated.
 {¶ 87} Blakely and Apprendi are distinguishable from the instant case, as they deal with sentencing for a single crime. Ohio courts have consistently held Apprendi does not apply to consecutive sentence as long as the sentence does not exceed the statutory maximum for each individual underlying offense. See, State v. Carter, 6th Dist. No. L-00-1082, 2002-Ohio-3433 at ¶ 25 (holding appellant's two eight-year consecutive sentences for rape did not violate Apprendi because each sentence was within the ten-year statutory range for a single offense.) Accord, Statev. Gambrel (Feb. 2, 2001), 2nd Dist. No. 2000-CA-29, 2001 Ohio App. LEXIS 339 at 14; State v. Brown, 2nd Dist. No. 18643, 2002-Ohio-277 (maximum sentence); State v. Wilson, 6th Dist. No. L-01-1196, 2002-Ohio-5920. Federal courts have also held consecutive sentences do not conflict withApprendi. See, United States v. Wingo (C.A.6, 2003), Case Nos. 01-1669, 2003 U.S. App. LEXIS 18828, at 12; United States v. Sauceda (C.A. 6, 2002), Case No. 01-2340, 2002 U.S. App. LEXIS 19118, at 3-4. Nothing inBlakely changes this rule.
 {¶ 88} In this case, appellant's individual sentences are each less than the statutory maximum. Thus, Blakely does not apply to appellant's sentence. State v. Taylor, 11th Dist. No. 2003-L-165, 2004-Ohio-5939.
 {¶ 89} Appellant's fourth assignment of error is without merit.
 {¶ 90} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Ford, P.J., concurs,
Nader, J., Ret., Eleventh Appellate District, sitting by assignment, dissents with Dissenting Opinion.
[1] We granted appellant leave to raise this assignment of error while this appeal was pending.
[2] The court found that due to the victims' young ages and the fact that appellant blindfolded them during the commission of the offenses; the victims had not currently suffered psychological harm.
[3] R.C. 2950.09(B) provides:
{¶ a} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
{¶ b} "(a) The offender's or delinquent child's age;
{¶ c} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
{¶ d} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
{¶ e} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
{¶ f} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
{¶ g} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
{¶ h} "(g) Any mental illness or mental disability of the offender or delinquent child;
{¶ i} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
{¶ j} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
{¶ k} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."