{¶ 40} I concur with the analysis with respect to appellant's first assignment of error and the ultimate judgment. I continue to disagree with the application of Blakely to a sentence beyond the statutory minimum under R.C. 2929.14(B). The United States Supreme Court was clear when it stated, in Blakely, that "the `statutory maximum' for Apprendi
purposes is the maximum sentence a judge may impose solely on the basis ofthe facts reflected in a jury verdict or admitted by the defendant." (Emphasis sic.) Id. at 2537.
 {¶ 41} That said, this court has held that Ohio's sentencing scheme is not unconstitutional under Blakely with respect to a sentence of more than the statutory minimum. State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239. It is fair to say that the panel in Morales clearly applied Blakely in the same manner as in the instant case. Thus, there is precedent established in this district on this issue.
 {¶ 42} Because there is existing precedent, I concur in judgment only with respect to appellant's second assignment of error.