OPINION
{¶ 1} Appellant, William Fiedler, appeals the October 27, 2003 judgment entry, in which the Lake County Court of Common Pleas sentenced him to a prison term for grand theft and misuse of credit cards. The court also ordered that he make restitution in the amount of $50,563.80.
 {¶ 2} On March 24, 2003, appellant was secretly indicted on: one count of grand theft, a fourth degree felony, in violation of R.C. 2913.02(A)(3); two counts of forgery, felonies of the fourth degree, in violation of R.C. 2913.31(A)(2) and (3); and one count of misuse of credit cards, a fifth degree felony, in violation of R.C. 2913.21(B)(2). On May 1, 2003, appellant waived his right to be present at the arraignment, and the trial court entered a not guilty plea to the charges on his behalf.
 {¶ 3} On July 22, 2003, appellant withdrew the not guilty plea and entered a written plea of guilty to the charges of grand theft and misuse of credit cards. On July 29, 2003, the trial court accepted appellant's guilty plea and then, upon motion of the state, entered a nolle prosequi in regard to the remaining charges. Sentencing was deferred to a later date so the matter could be referred to the Lake County Adult Probation Department for a presentence investigation report and victim impact statement. A sentencing and restitution hearing was held on October 17, 2003.
 {¶ 4} Appellant was sentenced to a term of sixteen months on the grand theft charge and ten months on the charge of misuse of credit cards, with the two sentences to run concurrently. The trial court also ordered that appellant pay restitution to the victim in the amount of $50,563.80. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 5} "[1.] The trial court erred to the prejudice of [appellant] in determining the amount of restitution.
 {¶ 6} "[2.] The trial court erred to the prejudice of [appellant] in ordering a term of imprisonment when the requisite findings under the applicable sentencing statutes were not supported by the facts.
 {¶ 7} "[3.] The trial court erred to the prejudice of [appellant] when it ordered a term of imprisonment based on the amount of restitution, which was not supported by the record.
 {¶ 8} "[4.] The trial court erred when it sentenced [appellant] to a more-than-the-minimum prison sentence based upon a finding of factors not found by the jury or admitted by [appellant] in violation of [appellant's] state and federal constitutional rights to trial by jury."
 {¶ 9} Appellant's first and third assignments of error are interrelated and will be addressed in a consolidated manner. For the first assignment of error, appellant alleges that the trial court erred in determining the amount of restitution as there was insufficient evidence and information in the record for the court to ascertain the amount to a reasonable degree of certainty. Under the third assignment of error, appellant claims that the trial court erred when it ordered a prison term based on the amount of restitution, which was not supported by the record.
 {¶ 10} "Generally, the right to order restitution is limited to the actual damage or loss caused by the offense of which the defendant is convicted." State v. Williams (1986), 34 Ohio App.3d 33, 34. It is the trial court's responsibility to determine the amount of restitution.State v. Cockerham (1997), 118 Ohio App.3d 767, 771; R.C. 2929.18(A)(1) ("at sentencing, the court shall determine the amount of restitution to be made by the offender"). "It is well-settled that `there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered.'" State v. Agnes (Oct. 6, 2000), 11th Dist. No. 99-L-104, 2000 WL 1488231, at 8, quoting Williams,34 Ohio App.3d at 34. See, also, State v. Marbury (1995),104 Ohio App.3d 179, 181. Furthermore, if evidence of the actual losses is not forthcoming from those claiming restitution, the trial court abuses its discretion by ordering restitution. State v. Cooper,
11th Dist. No. 2002-L-091, 2004-Ohio-529, at ¶ 23, citing Marbury at 181.
 {¶ 11} The facts pertinent to these assignments of error reveal: Beverly Bonnema ("Mrs. Bonnema") testified at the restitution hearing that her husband, Kenneth T. Bonnema ("Mr. Bonnema"), and appellant entered into an oral partnership agreement to start a company known as Automotive Racing Connection, which sold automotive racing parts. Mr. Bonnema was the financial support, and appellant ran the day-to-day operations of the business. Appellant initially earned $400 per week for his services while Mr. Bonnema retained his job as a mason until the business debts were paid and he could share in the profits of the business. At first, the books were kept manually, but in March 2001, the company obtained computer software and the prior manual records were transferred into the computer system.
 {¶ 12} One day, appellant needed some time off so Mr. Bonnema covered the period of time that appellant was absent. Mr. Bonnema received numerous phone calls from companies indicating that they were owed money. Mr. Bonnema found this to be odd since the business was a cash business, and no one should be owed money. Mrs. Bonnema, who had accounting experience, reviewed the company's financial records and learned that the business had lost $39,078.84 from July 2000 through August 2001. Additionally, she discovered two checks that appellant had fraudulently written to himself. The first check was for $5,000. The second check was also for $5,000, but appellant returned $3,000 of it to the business and, thus, only misappropriated $2,000. Mrs. Bonnema also learned that appellant had used a company credit card to purchase a $2,520 trailer, a $1,714.96 computer, and two tube benders worth $1,050. Appellant asserted that Mr. Bonnema personally took $800 from the business for personal use. The trial court used these figures to determine the restitution amount of $50,563.80.
 {¶ 13} The foregoing facts as applied to appellant's first and third assignments of error reveal that Mrs. Bonnema testified that she reviewed the books and discovered $39,078.84 was missing. She further provided the trial court with balance sheets, which corroborated her testimony that the missing funds were unaccounted for during the period of time appellant was in charge of the day-to-day business operations. It is our view that the trial court had competent credible evidence before it which supported the inclusion of the $39,078.84 in its restitution order.
 {¶ 14} Furthermore, appellant admitted to the misappropriation of the other monies. Hence, we conclude that the testimony of Mr. and Mrs. Bonnema at the restitution hearing, which was corroborated with other documentary evidence, provided competent and credible evidence that the trial court properly ordered restitution in the amount of $50,563.80. Additionally, since the trial court's restitution order was supported by competent and credible evidence, it was properly considered by the trial court in sentencing appellant as a factor which made appellant's conduct more serious, as will be discussed under appellant's second assignment of error. Therefore, appellant's first and third assignments of error lack merit.
 {¶ 15} Under the second assignment, appellant argues that the trial court erred when it failed to impose the shortest prison term available under R.C. 2929.14(B) and when it ordered a prison term that was not supported by the record.
 {¶ 16} Under R.C. 2953.08, our review of a felony sentence is de novo. State v. Raphael (Mar. 24, 2000), 11th Dist. No. 98-L-262, 2000 WL 306776, at 2. However, this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law. State v. Thomas (July 16, 1999), 11th Dist. No. 98-L-074, 1999 WL 535272, at 4. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Id.
 {¶ 17} In imposing a sentence for a felony of the fourth or fifth degree, the trial court must determine if one of the factors enumerated in R.C. 2929.13(B)(1) is present. This statute provides that:
 {¶ 18} "* * * [I]n sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 19} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 20} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 21} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 22} "(d) The offender held a public office or position of trust and the offense related to that office or position * * *.
 {¶ 23} "* * *
 {¶ 24} "(g) The offender at the time of the offense was serving, or the offender previously had served, a prison term.
 {¶ 25} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance. * * *"
 {¶ 26} If the trial court finds that one of these factors is present, that a prison term is consistent with the purposes of sentencing, or that the defendant is not amenable to community control sanctions, a prison term must be imposed. R.C. 2929.13(B)(2)(a). In making these determinations, the court must consider all relevant factors, including the factors affecting the seriousness of the offenses and the potential for recidivism found in R.C. 2929.12(B) through (E). See R.C. 2929.12(A).
 {¶ 27} Furthermore, R.C. 2929.14(B) provides that a trial court must impose the shortest prison term authorized for the offense unless it finds on the record that the minimum sentence will demean the seriousness of the offender's conduct or will not protect the public from future crime by the offender or others.
 {¶ 28} R.C. 2929.14(B) does not require the trial court to give its reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Rather, when sentencing a person to first-time imprisonment, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons" set forth in R.C. 2929.14(B). Id. at 326. The Supreme Court of Ohio has held that "when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph two of the syllabus.
 {¶ 29} Here, at the sentencing hearing, the trial court stated that:
 {¶ 30} "[The Court has] considered the purposes and principles of sentencing * * *. The Court has also weighed the factors set forth in the applicable provisions of 2929.12, 2929.13, and 2929.14 of the Revised Code, I have also reviewed the presentence report, recommendation of the Lake County Adult Probation Department, I received, read, and reviewed * * * two letters from friends of [appellant], I have also heard the evidence taken here in the restitution hearing, and heard the statement of victim in this case as well.
 {¶ 31} "* * *
 {¶ 32} "However, weighing the seriousness of the crime and the recidivism factors, the Court is of the opinion that a prison term is consistent with the purposes and principles set forth in 2929.11. [Appellant] does not appear to be amenable to available community control sanctions. In reaching this conclusion I have considered the following factors: Those factors which have increased the seriousness of the offense include that the victim did suffer serious economic harm and loss, the amount of the loss being $50,563.80 to [Mr. Bonnema], dba, Automotive Racing Connection. The Court also finds that [appellant's] occupation and position was used to facilitate the offense, and that position, because of the relationship between victim and [appellant] was a position of trust. The Court also finds that [appellant's] relationship with the victim did, in fact, facilitate the offense committed in this case, in that the two were business partners.
 {¶ 33} "The Court finds none of the mitigating factors that make the offense less serious.
 {¶ 34} "With respect to recidivism, the Court finds that [appellant] is more likely to commit offenses in the future because of his prior criminal history, which includes convictions in 1990 for possession of burglary tools, burglary, and obtaining property by worthless check; and also a conviction in 1991 for attempted burglary on a structure. The Court finds rehabilitation [failed] after those prior convictions.
 {¶ 35} "The Court also finds that [appellant] has shown no genuine remorse, still contends he was entitled to the money that was taken as a result of the offenses.
 {¶ 36} "The Court also finds that none of the factors apply that would indicate recidivism would be less likely.
 {¶ 37} "* * *
 {¶ 38} "The Court notes that the shortest prison term would, in fact, demean the seriousness of [appellant's] conduct. Also, the shortest prison term will not adequately protect the public from future crime by [appellant] or by others. * * *"
 {¶ 39} Based on the foregoing colloquy, we conclude that the trial court found that three of the factors in R.C. 2929.12(B) were present, and none of the mitigating factors make the offense less serious under R.C. 2929.12(C). The trial court also determined that appellant was likely to commit future crimes pursuant to R.C. 2929.12(D) because of his past criminal record, failure to rehabilitate himself, and lack of genuine remorse.
 {¶ 40} In addition, the trial court properly considered the factors set forth in R.C. 2929.13(B)(1). Specifically, the trial court found that appellant's "occupation and position was used to facilitate the offense, and that position, because of the relationship between victim and [appellant] was a position of trust. The Court also finds that [appellant's] relationship with the victim did, in fact, facilitate the offense committed in this case, in that the two were business partners."
 {¶ 41} Moreover, it is our position that the trial court made the findings under R.C. 2929.14(B). The trial judge stated at the sentencing hearing why he believed more than the minimum prison term was necessary. Specifically, the trial court stated that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant or others.
 {¶ 42} After reviewing the entire record, this court concludes that the trial court properly followed R.C. 2929.12, 2929.13, and 2929.14, as well as the holdings of this court, in sentencing appellant to a term longer than the minimum. Thus, because the trial court properly put forth its reasons for the given sentence on the record at the sentencing hearing as required, appellant's second assignment of error has no merit.
 {¶ 43} Under his final assignment, appellant challenges the propriety of the procedure the trial court followed in determining not to impose the shortest sentence possible upon him. Citing Washington v. Blakely
(2004), 542 U.S. 296, 124 S.Ct. 2531, appellant submits that his Sixth Amendment right to a jury trial was violated when the trial court made specific factual findings under R.C. 2929.14(B). According to appellant, since the trial court's findings under the statute resulted in the imposition of a sentence greater than the statutory minimum for fourth and fifth degree felonies, the trial court has a legal duty to submit the relevant factual issues to the jury for determination.
 {¶ 44} This court has already had the opportunity to apply the basic holding in Blakely to the procedure under R.C. 2929.14(B) which allows a trial judge to sentence a defendant to a term longer than the statutory minimum. In State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239, we began our analysis by noting that Blakely and the prior case law of the United States Supreme Court had not had the effect of depriving a trial judge of the discretion to consider aggravating circumstances in deciding the length of a defendant's sentence; instead, the Blakely
decision only held that a trial judge cannot make a factual finding which would result in the imposition of a sentence longer than the maximum prison term permissible under the jury verdict. In other words, we concluded that, under Blakely, the Sixth Amendment right to a jury trial had no application so long as the trial judge was imposing a sentence within the general range of terms permissible based upon the jury verdict. The Morales court then held that the factors set forth in R.C.2929.14(B) were similar in nature to aggravating circumstances because a trial court's finding concerning the existence of one of the two factors in a particular case only meant that a longer term within the acceptable range could be imposed. As a result, the Morales court ultimately held that the procedure under R.C. 2929.14(B) did not constitute a violation of the basic constitutional right to a jury trial.
 {¶ 45} In contesting the merits of our decision in Morales, appellant maintains that our legal analysis conflicts with the United States Supreme Court's recent opinion in United States v. Booker (2005),125 S.Ct. 738, in which the Court reviewed the constitutionality of the Federal Sentencing Guidelines. However, our reading of the Booker opinion readily shows that the Supreme Court's majority analysis actually supports our Morales decision. First, we would note that the two factual scenarios in Booker were similar to the facts in Blakely; i.e., both cases involved situations in which the trial court made a factual finding which allowed for the imposition of a prison term that was not within the range of possible sentences based solely upon the jury verdict. To this extent, the procedure found unconstitutional in Booker is easily distinguishable from the procedure under R.C. 2929.14(B) on the basis that a "finding" under the Ohio procedure does not enable the trial court to impose a sentence above the statutory range for the offense in question.
 {¶ 46} Second, and more importantly, the Booker majority opinion as to the validity of the sentencing guidelines contains specific language which supports our interpretation of Blakely:
 {¶ 47} "If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of fact, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range. * * * Indeed, everyone agrees that the constitutional issues presented by these cases would have been avoided entirely if Congress had omitted from the [Sentencing Reform Act] the provisions that make the Guidelines binding on district judges; * * *. For when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Id., at 750.
 {¶ 48} In the instant case, when the trial court made the findings under R.C. 2929.14(B) that the imposition of the shortest prison term for the two offenses would demean the seriousness of appellant's conduct and would not adequately protect the public from future crimes, it then had the statutory authority to impose sentences which were longer than the statutory minimum. However, the findings did not give the trial court unlimited discretion to impose a prison term of any possible length for each offense; instead, the trial court's discretion was still confined to the range of sentences which can be imposed for fourth and fifth degree felonies. Therefore, because a finding under R.C. 2929.14(B) did not alter the range of the prison term which could be given to appellant, the fact that the finding was made by the trial court did not violate appellant's Sixth Amendment right to a jury trial.[1] Pursuant to this analysis, the fourth assignment in this appeal lacks merit.
 {¶ 49} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., O'Toole, J., concur.
[1] R.C. 2929.14(B) alternatively provides that the trial court can deviate from the shortest possible sentence if the offender has previously served a prison term. In this case, although appellant had prior convictions, there was no indication before the trial court that he had served a prior prison term. However, even if the trial court's decision to impose a longer term had been based upon the existence of a prior prison term, the procedure in R.C. 2929.14(B) still would not violate the constitutional right to a jury trial. See State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939, at ¶ 25.