OPINION
{¶ 1} Appellant, David Wayne, brings this pro se appeal from the trial court's judgment entry denying his petition for post conviction relief. We affirm.
 {¶ 2} In April 1998, appellant pled guilty to one count of kidnapping, a first degree felony, in violation of R.C. 2905.01; one count of abduction, a third degree felony, in violation of R.C. 2905.02; one count of felonious assault, a second degree felony, in violation of R.C. 2903.11, and one count of extortion, a fourth degree felony, in violation of R.C. 2905.11.
 {¶ 3} The trial court sentenced appellant to serve seven years for kidnapping and three years for felonious assault. These sentences were to run concurrently. The trial court merged the abduction and extortion counts with the kidnapping count for purposes of sentencing. The trial court informed appellant that he was subject to bad time under R.C. 2967.11
for any violation he committed while in prison and that he was subject to post release control.
 {¶ 4} Appellant filed a direct appeal on June 4, 1998. That appeal challenged the constitutionality of bad time under R.C. 2967.11 and the procedure for the imposition of post release control under R.C. 2967.28. We determined that the trial court's reference to bad time was improper and reversed appellant's sentence with instructions to the trial court to vacate that portion of the sentence. We affirmed appellant's sentence in all other respects. State v. Wayne, 11th Dist. No. 98-L-128, 2002-Ohio-4109. On August 28, 2002, the trial court amended its sentencing entry to remove reference to bad time.
 {¶ 5} On September 16, 2002, appellant filed a motion to correct illegal sentence. In this motion he argued that his sentence was illegal because the trial court failed to state its reasons for imposing less than the minimum sentence as required by R.C. 2929.14(B). See, also,State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110. The trial court treated appellant's motion as a petition for post conviction relief under R.C. 2953.21. The trial court found appellant's motion to be untimely and barred by the doctrine of res judicata. Appellant appeals raising two assignments of error:
 {¶ 6} "[1.] The Trial Court erred in failing to make sufficient findings on the record during the sentencing hearing for the imposition of other than the minimum sentence.
 {¶ 7} "[2.] The [sic] Trial Counsel failed to raise the deficiency outlined in the first assignment of error during the sentencing hearing and was ineffective in this regard."
 {¶ 8} There is a disconnect between appellant's assignments of error and the trial court's judgment entry. Appellant's assignments of error raise substantive issues not addressed by the trial court. Appellant fails to assign error to the trial court's determination that his petition was not timely filed and barred by res judicata. In the interest of justice we will determine if the trial court erred in dismissing appellant's petition on these grounds.[1]
 {¶ 9} R.C. 2953.21(A)(2) provides:
 {¶ 10} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
 {¶ 11} R.C. 2953.23 provides a limited exception to this rule:
 {¶ 12} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * *
 {¶ 13} "(1) Either of the following applies:
 {¶ 14} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 15} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. * * *"
 {¶ 16} The record in appellant's direct appeal was filed on July 14, 1998. Appellant filed his motion on September 16, 2002; well beyond the one hundred-eighty day limit established by R.C. 2953.21(A)(2). Therefore, appellant's petition was time barred unless R.C. 2953.23
applied. Appellant's petition does not show that he was unavoidably prevented from discovering the facts upon which it was based, nor was his petition based on a new right recognized by the United States Supreme Court. Thus, the trial court properly found appellant's petition to be untimely.
 {¶ 17} We have found that the trial court properly determined that appellant's petition was untimely; therefore we need not determine whether the trial court properly applied the doctrine of res judicata. Nor do we address the substantive issues raised by appellant's motion; these issues are more properly addressed in appellant's re-opened direct appeal. The judgment of the Lake County Common Pleas Court is affirmed.
Judgment affirmed.
William M. O'Neill and Diane V. Grendell, JJ., concur.
[1] We have allowed appellant to reopen his direct appeal under case no. 98-L-128. Presumably, we will address appellant's substantive contentions in that case.