OPINION
{¶ 1} Appellant, David Wayne, appeals from the trial court's judgment entry of sentence. We affirm.
 {¶ 2} In March 1998, appellant pleaded guilty, pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, 31, to one count of kidnapping, a first degree felony, R.C. 2905.01; one count of abduction, a third degree felony, R.C. 2905.02; one count of felonious assault, a second degree felony, R.C. 2903.11; and one count of extortion, a third degree felony, R.C. 2905.11. The trial court merged the abduction and extortion charges into the kidnapping charge for purposes of sentencing. The trial court sentenced appellant to concurrent terms of seven years for kidnapping and three years for felonious assault.
 {¶ 3} Appellant appealed the trial court's original sentence challenging the potential imposition of "bad time" and the procedures for the imposition of post release control. State v.Wayne, 11th Dist. No. 98-L-128, 2002-Ohio-4109, at ¶ 4, 6. We reversed the trial court's judgment with respect to the potential imposition of "bad time" and affirmed the trial court's judgment with respect to the procedure for the imposition of post-release control. Id. at ¶ 10. By entry filed August 22, 2002, the trial court vacated appellant's original sentence and re-sentenced appellant to the same terms of imprisonment but omitted the reference to "bad time."
 {¶ 4} Appellant moved, pursuant to App.R. 26(B), to re-open his direct appeal. In this motion appellant contended he received ineffective assistance of counsel because his counsel failed to argue that the trial court failed to make the requisite findings for the imposition of other than the shortest sentence as required by R.C. 2929.14(B). By entry filed July 7, 2003, we granted appellant's motion to re-open his direct appeal.[1]
 {¶ 5} Appellant presents two assignments of error for our review in this reopened appeal:
 {¶ 6} "[1.] The [t]rial [c]ourt erred in failing to make sufficient findings on the record during the sentencing hearing for the imposition of other than the minimum sentence."
 {¶ 7} "[2.] The [sic] [t]rial [c]ounsel failed to raise the deficiency outlined in the first assignment of error during the sentencing hearing and was ineffective in this regard."
 {¶ 8} We review a felony sentence de novo. State v.Bradford (June 2, 2001), 11th Dist. No. 2000-L-103, 2001 WL 589271, 1. We will not disturb a sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. Id. "Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." Id.
 {¶ 9} The version of R.C. 2929.14(B) effective at the time of appellant's sentencing provided:
 {¶ 10} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} In State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Ohio Supreme Court held that "Pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Id. at paragraph 2 of the syllabus.
 {¶ 12} Here, appellant's sentences of seven years for kidnapping and three years for felonious assault were nonminimum sentences. See, R.C. 2929.14(A). Further, appellant was a first time offender. Thus, to impose more than the shortest prison term the trial court was required to find on the record that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by appellant or others. R.C. 2929.14(B); Comer, supra.
 {¶ 13} A review of the sentencing hearing transcript reveals the trial court complied with the requirements of R.C. 2929.14(B) and Comer. The trial court stated: "Considering the factors here, the Court finds the shortest possible prison term will demean the seriousness of the Defendant's conduct; the shortest possible prison term will not adequately protect the public from future crime by the defendant."
 {¶ 14} Although not required to do so,[2] the trial court stated the reasons underlying this finding. The court noted that as part of the offense, appellant took his son out of the court's jurisdiction in an attempt to gain custody. The court also concluded appellant thought he had a right to do so. The court also noted appellant's own family wanted the court to maximize the sentence. Thus, the trial court properly complied with the requirements of R.C. 2929.14(B) and appellant's first assignment of error is without merit.
 {¶ 15} In his second assignment of error, appellant contends he received ineffective assistance of counsel because his original attorney failed to raise the issue presented in appellant's first assignment of error. Because we find the trial court properly imposed more than the shortest prison term, appellant's second assignment of error is without merit.
 {¶ 16} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Christley, J., Grendell, J., concur.
[1] Subsequently, in State v. Wayne, 11th Dist. No. 2002-L-169, 2003-Ohio-6965, we affirmed the trial court's judgment denying appellant's motion for post conviction relief.
[2] Comer, supra at n. 2, stating, "R.C. 2929.14(B) does not require that the court give its reasons for finding that the seriousness of the offense will be demeaned or the public not adequately protected if a minimum sentence is imposed."