OPINION
{¶ 1} Appellant, Robert B. Morgan, appeals from the August 24, 2004 judgment entry of the Ashtabula County Court of Common Pleas, in which he was sentenced for rape.
 {¶ 2} On March 2, 2004, appellee, the state of Ohio, filed a bill of information charging appellant with one count of rape, a felony of the first degree, in violation of R.C.2907.02(A)(1)(b). Appellant filed a waiver of indictment on March 31, 2004, which was accepted by the trial court. Appellant appeared in court and entered oral and written pleas of guilty. Pursuant to its March 31, 2004 judgment entry, the trial court accepted appellant's guilty plea.
 {¶ 3} A sentencing hearing was held on August 2, 2004.
 {¶ 4} Pursuant to its August 24, 2004 judgment entry, the trial court sentenced appellant to seven years in prison with one hundred sixty-six days credit. The trial court subjected appellant to post-release control for a period of five years. In addition, the trial court found appellant to be a sexual predator. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 5} "The trial court erred when it failed to consider [a]ppellant for the minimum sentence."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred by failing to consider imposing the minimum sentence. Appellant stresses that the trial court did not state in its judgment entry or at the sentencing hearing that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public pursuant to R.C.2929.14(B)(2).
 {¶ 7} This court stated in State v. Rupert, 11th Dist. No. 2003-L-154, 2005-Ohio-1098, at ¶ 15, that:
 {¶ 8} "[a] reviewing court will not reverse a sentence unless an appellant demonstrates that the trial court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors. State v. Chapman (Mar. 17, 2000), 11th Dist. No. 98-P-0075, 2000 Ohio App. LEXIS 1074, * * * at 10. `The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' State v. Adams
(1980), 62 Ohio St.2d 151, 157 * * *. An appellate court may modify or vacate a sentence if it is contrary to law. R.C.2953.08(G)(2). * * *"
 {¶ 9} R.C. 2929.14 states in part that:
 {¶ 10} "(A) Except as provided in division (C), (D)(1), (D)(2), (D)(3), (D)(4), (D)(5), (D)(6), or (G) of this section and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:
 {¶ 11} "(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years.
 {¶ 12} "* * *
 {¶ 13} "(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 14} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 15} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 16} We stated in State v. Fiedler, 11th Dist. No. 2003-L-190, 2005-Ohio-3388, at ¶ 28, that:
 {¶ 17} "R.C. 2929.14(B) does not require the trial court to give its reasons underlying its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. Statev. Edmonson (1999), 86 Ohio St.3d 324, * * * syllabus. Rather, when sentencing a person to first-time imprisonment, the trial court `must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons' set forth in R.C. 2929.14(B). Id. at 326. The Supreme Court of Ohio has held that `when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing.'State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, * * * paragraph two of the syllabus." (Parallel citations omitted.)
 {¶ 18} In the case at bar, the trial court sentenced appellant to seven years in prison. The standard statutory range for a first degree felony is three to ten years. R.C.2929.14(A)(1). Thus, the trial court sentenced appellant within the statutory range for a first degree felony. As such, we note that appellant's constitutional rights were not violated and thatBlakely v. Washington (2004), 542 U.S. 296 does not apply to his sentence. See State v. Morales, 11th Dist. No. 2003-L-025,2004-Ohio-7239, at ¶ 88, citing State v. Taylor,158 Ohio App.3d 597, 2004-Ohio-5939.
 {¶ 19} However, the trial court failed to comply withComer, supra, by imposing a nonminimum sentence on appellant, an individual who had never previously served a prison term, without stating at least one of the two sanctioned findings set forth in R.C. 2929.14(B).
 {¶ 20} Appellee's reliance on State v. Griggs, 11th Dist. No. 2001-T-0064, 2003-Ohio-2365, and State v. Arnett (2000),88 Ohio St.3d 208, for the proposition that only substantial compliance with the sentencing statute is required is misplaced. First, we note that both Griggs and Arnett were decided prior to Comer. In addition, neither of those cases dealt with R.C.2929.14(B), which was at issue in Comer as well as in the instant matter.[1] The facts in Griggs involved R.C.2929.14(C), and Arnett concerned R.C. 2929.12.
 {¶ 21} Although the trial court referred to Dr. John Fabian's ("Dr. Fabian") opinion regarding what classification appellant should have as a sex offender, a reference alone is not sufficient. A review of the trial court's sentencing transcript shows that the trial court referred to Dr. Fabian's finding that appellant was at a medium to high risk to reoffend. However, the trial court did not state on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.[2] R.C. 2929.14(B)(2); Comer, supra, paragraph two of the syllabus; State v. Barnes, 11th Dist. No. 2002-P-0079, 2003-Ohio-6674, at ¶ 21-22; State v. Wayne, 11th Dist. No. 98-L-128, 2004-Ohio-5112, at ¶ 12; State v.Stambolia, 11th Dist. No. 2003-T-0053, 2004-Ohio-6945, at ¶ 31;State v. Bolling, 11th Dist. No. 2002-L-154, 2004-Ohio-2785, at ¶ 43.
 {¶ 22} We agree with appellee that a trial court is not required to ritualistically recite the exact words of a statute. However, based on the record, this court cannot say that the trial court even substantially complied with the requirements of R.C. 2929.14(B) in sentencing appellant to a nonminimum sentence. Although the trial court judge made a determination that appellant is a sexual predator, there is no nexus drawn to his actual sentencing language, which fails to mention that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime. Further, there is no synonymous language contained in the sentencing transcript to provide a basis for substantial compliance with syntax contained in R.C. 2929.14(B)(2).
 {¶ 23} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Ashtabula County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion.
Rice, J., concurs,
Grendell, J., dissents with a Dissenting Opinion.
[1] Comer also involved R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c).
[2] The trial court also failed to determine in its August 24, 2004 judgment entry that the shortest prison term would demean the seriousness of the offense or would not adequately protect the public. R.C. 2929.14(B)(2).