OPINION
{¶ 1} This is a postconviction proceeding. Appellant, Orlando L. Bradley ("Bradley"), was sentenced by the Ashtabula County Common Pleas Court to five years in prison on December 31, 2002. Under an oral and written plea bargain with the prosecutor, which did not contain an agreed-upon sentence, he entered a guilty plea to one count of felonious assault, in return for which the prosecutor nollied three other counts for attempted murder, felonious assault, and obstructing official business. Bradley did not appeal his conviction or sentence.
 {¶ 2} Bradley's petition for postconviction relief asserts that the trial court failed to consider R.C. 2929.14(B) in its sentencing order and that his counsel was ineffective in failing to advocate for a minimum sentence. His petition was filed on June 23, 2003. In support of his petition, Bradley offered an affidavit, together with judgment entries of the court entered prior to and at the time of his sentencing. The trial court did not hold a hearing on the petition for postconviction relief. It dismissed the petition on the ground of res judicata. Bradley timely filed an appeal from the trial court's order dismissing his petition for postconviction relief. On review of the trial court's judgment entry, we affirm the court's dismissal of Bradley's petition for postconviction relief.
 {¶ 3} Bradley asserts three assignments of error:
 {¶ 4} "[1.] Defendant was denied due process of law when the court accepted a plea of guilty when it was apparent that defendant did not have a complete understanding of the offense to which he was entering a plea of guilty.
 {¶ 5} "[2.] Defendant was denied his rights under the Sixth
and Fourteenth Amendments [to the United States Constitution] when defendant was sentenced based on facts not alleged in the indictment, admitted by the defendant nor found by a jury.
 {¶ 6} "[3.] Defendant was denied due process of law when the court did not comply with the Ohio sentencing statutes and relied on improper information in imposing more than a minimum sentence."
 {¶ 7} The statute governing the filing of a petition for postconviction relief, as it existed on June 22, 2003, reads, in pertinent part:
 {¶ 8} "(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. * * *
 {¶ 9} "(C) The court shall consider a petition that is timely filed * * * even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. * * * If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.
 {¶ 10} "* * *
 {¶ 11} "(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending."[1]
 {¶ 12} This statute "does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required."[2] As the court in theState v. Jackson case stated, "the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause."[3]
 {¶ 13} Bradley's petition for postconviction relief focuses primarily on his ineffective assistance of counsel claim. His claim is that his counsel did not advocate for the shortest term authorized for a felony offender who has never served a prison term, pursuant to R.C. 2929.14(B). He attached an affidavit to his petition, which recited, among other statements, that "I was never informed of my right to minimum term preference in sentence imposition." Also attached were copies of his negotiated plea of guilty to felonious assault, the judgment entry issued by the trial court following his plea of guilty to felonious assault, and the judgment entry following his sentencing.
 {¶ 14} In this court, Bradley makes the additional claim that when he entered his plea of guilty to felonious assault, he did not understand the effect of his plea. Specifically, he argues that his plea colloquy with the court should have persuaded the trial court that either he had a viable self-defense argument, or that he acted with sufficient provocation that he should be found guilty of aggravated assault, a felony of the fourth degree, instead of felonious assault, a felony of the second degree.
 {¶ 15} We rest our decision on the authority of the case cited by the trial court, that of State v. Szefcyk.[4] In that case, the Supreme Court of Ohio held:
 {¶ 16} "[A] convicted defendant is precluded under the doctrine of res judicata from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on appeal from that judgment."[5]
 {¶ 17} Bradley's claim that his counsel did not advocate for him the shortest prison term, and was therefore ineffective, and his claim that he did not understand the effect of his plea were matters that Bradley could have raised in a direct appeal to this court.[6] He chose not to do so. The claims are, therefore, barred by the doctrine of res judicata. The first assignment of error is without merit.
 {¶ 18} Likewise, the issue as to whether Bradley should have received the shortest sentence for his offense could have been raised in a direct appeal, had he chosen to file a direct appeal.[7] It was not, and he did not, so on the basis of res judicata we find that it is too late to raise this issue at this time. Bradley's second assignment of error is without merit.
 {¶ 19} In his third assignment of error, Bradley is arguing that the trial court relied on matters improperly raised in the victim's statement; that the trial court conducted its own investigation of the offense; and that the trial court relied on its own personal knowledge of Bradley to impose the prison sentence it did. In doing so, argues Bradley, the trial court violated his right to due process of law; the process was not fundamentally fair; and the sentencing procedure was not in compliance with Ohio statutes governing sentencing procedures. This claim could have been raised on a direct appeal.[8]
For that reason, it is barred by res judicata. The third assignment of error is without merit.
 {¶ 20} The judgment of the trial court is affirmed.
Rice, J., O'Toole, J., concur.
[1] R.C. 2953.21.
[2] State v. Jackson (1980), 64 Ohio St.2d 107, 110.
[3] Id. See, also, State v. Olivarez (Mar. 31, 1999), 11th Dist. No. 97-L-288, 1999 WL 262158, at *2, citing State v. Cole
(1982), 2 Ohio St.3d 112, 113; State v. Jackson, supra; andState v. Worthy (May 30, 1997), 11th Dist. No. 96-P-0122, 1997 Ohio App. LEXIS 2370, at *5.
[4] State v. Szefcyk (1996), 77 Ohio St.3d 93.
[5] Id. at 96.
[6] See State v. Wayne, 11th Dist. No. 98-L-128,2004-Ohio-5112, at ¶ 15 (claim of ineffective assistance of counsel for not advocating shortest prison term); State v.Gulley, 1st Dist. No. C-040675, 2005-Ohio-4592, at ¶ 1 (claim that plea was not a knowing and voluntary plea).
[7] See State v. Mason, 8th Dist. No. 84061, 2004-Ohio-5388, at ¶ 1.
[8] See State v. Longo (1982), 4 Ohio App.3d 136, 139.