[Cite as *State v. Alexander*, 2014-Ohio-2710.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0100** |
| RICKEY ALEXANDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 92 CR 605.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Alexander Rickey*, pro se, PID: A281461, Lake Erie Correctional Institution, 501 Thompson Road, P.O. Box 8000, Conneaut, OH 44030 (Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Rickey Alexander, appeals from the September 18, 2013 judgment of the Trumbull County Court of Common Pleas, dismissing his motion to vacate void judgment without a hearing.

{¶2} In the early morning hours of September 4, 1992, Anthony Borden was found shot to death in the parking lot of the Niles Road Fruit Market in Howland Township, Trumbull County, Ohio. Following an investigation by the police, appellant

was indicted by the Trumbull County Grand Jury on October 26, 1992 on one count of aggravated murder, in violation of R.C. 2903.01(B), with a specification of an aggravating circumstance pursuant to R.C. 2929.04(A)(7); and one count of aggravated robbery, in violation of R.C. 2911.01 with a firearm specification.

{¶3} The matter proceeded to a jury trial beginning on August 19, 1993 and concluding with the jury returning guilty verdicts on both charges and specifications on August 26, 1993. On September 13, 1993, appellant was given a life sentence with 30 years actual incarceration on the aggravated murder charge, to run consecutive to a 10 to 25 year sentence on the aggravated robbery charge, and a three year sentence on the firearm specification which would also be served consecutively.

{¶4} Appellant, who was represented by counsel, appealed his conviction and sentence, Case No. 93-T-4948. On November 29, 1996, this court affirmed the judgment of the trial court. *State v. Alexander*, 11th Dist. Trumbull No. 93-T-4948, 1996 Ohio App. LEXIS 5418 (Nov. 29, 1996), appeal not accepted, 78 Ohio St.3d 1452 (1997).

{¶5} Fifteen years later on November 8, 2011, appellant filed a pro se "Motion for Leave to File Delayed Motion for New Trial" pursuant to Crim.R. 33(A). The trial court denied the motion on the ground that appellant was not unavoidably prevented from discovering any new evidence. Appellant filed a second appeal with this court, pro se, Case No. 2011-T-0120. On September 28, 2012, this court affirmed the judgment of the trial court. *State v. Alexander*, 11th Dist. Trumbull No. 2011-T-0120, 2012-Ohio-4468, motion denied by, 134 Ohio St.3d 1416, 2013-Ohio-158.

{¶6} Thereafter, on September 9, 2013, appellant filed a pro se "Motion to Vacate Void Judgment and Sentence Notwithstanding the Verdict, or, in the Alternative, for a New Trial." The state filed a response four days later. On September 18, 2013, the trial court determined that appellant's motion was barred by res judicata and dismissed his motion without a hearing. Appellant filed the instant appeal, pro se, asserting three assignments of error for our review:

{¶7} "[1.] Appellant contends the trial court erred in entering a conviction of a first-degree felony because the verdict form and the trial court's verdict entry were inadequate to support his conviction for aggravated murder and aggravated robbery.

{¶8} "[2.] Appellant submits that the trial court committed reversible error when it submitted to the jury, verdict forms containing a statutory description of the offense of aggravated murder and aggravated robbery, but omitted the offense's essential elements as instructed by the Court from the jury verdict forms.

{¶9} "[3.] The trial court's imposition of consecutive sentences was contrary to law and an abuse of discretion."

{¶10} In his first and second assignments of error, appellant argues the trial court erred in convicting him because the verdict forms were inadequate. In his third assignment of error, appellant contends the trial court erred in sentencing him.

{¶11} Because appellant's assignments of error are interrelated, as they are all barred by the doctrine of res judicata, we will address them together.

{¶12} "'(P)rinciples of *res judicata* prevent relief on successive, similar motions raising issues which were or could have been raised originally.' *Brick Processors, Inc. v. Culbertson*, 2 Ohio App.3d 478, * * *, paragraph one of the syllabus (8th Dist.1981).

3

Stated differently, any issues that were raised or could have been raised by a defendant at the trial court level or on direct appeal are res judicata and not subject to review in subsequent proceedings. *State v. Perry*, 10 Ohio St.2d 175, * * *, paragraph nine of the syllabus (1967); *State v. Davis*, 119 Ohio St.3d 422, 2008-Ohio-4608, ¶6, * * *." *State v. Morris*, 11th Dist. Trumbull No. 2013-T-0019, 2013-Ohio-5485, ¶20. (Parallel citations omitted.)

{¶13} Almost two decades after this court affirmed his conviction and sentence, appellant now seeks a new trial based on purported R.C. 2945.75(A)(2) deficiencies in his jury verdict forms. Appellant argues that under *State v. Pelfrey*, 112 Ohio St.3d 422, 2007-Ohio-256, the forms were improper. He alleges that he should have been convicted of lesser offenses. Appellant also asserts that the state failed to prove "prior calculation and design" and that the phrase was not included in his verdict forms.

{¶14}                R.C. 2945.75(A)(2) provides that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶15} "[P]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Pelfrey, supra,* at ¶14.

{¶16} We find that the trial court did not err by applying res judicata in this case and appellant's argument that the jury verdict forms were defective is precluded by res

4

judicata. Appellant has already pursued a direct appeal from his conviction, where the trial court's decision was upheld. *See Alexander*, 1996 Ohio App. LEXIS 5418. In that appeal, appellant asserted five assignments of error, raising issues regarding a preemptory challenge, sealing of a file, hearsay statements, hearsay testimony, and manifest weight. Appellant did not raise any errors related to defects in the jury verdict forms under *Pelfrey*. He could have raised such errors in his direct appeal but failed to do so. *See State v. Garner*, 11th Dist. Lake No. 2010-L-111, 2011-Ohio-3426, ¶22, citing *State v. Szefcyk*, 77 Ohio St.3d 93, at the syllabus (1996); *State v. Perri*, 11th Dist. Portage No. 2009-P-0014, 2009-Ohio-6153, ¶16.

{¶17} Appellant concedes that he did not object below regarding the jury verdict forms but asserts that *Pelfrey* allows parties to raise the issue even if was waived at the trial court level. While this is true, *Pelfrey* does not hold that res judicata is inapplicable in situations where the appellant has not only waived the issue at the trial court level but also failed to raise the issue in his direct appeal. *See Garner, supra,* at ¶23. Appellate courts that have addressed this issue have found that, where the appellant filed and argued a direct appeal but did not raise any arguments under *Pelfrey* or related to the inadequacy of the jury verdict form, res judicata applies to subsequent appeals. *Id.; see State v. Evans*, 9th Dist. Wayne No. 10CA0027, 2011-Ohio-1449, ¶9 (holding that "because Evans could have raised issues related to the jury verdict forms in his direct appeal, he is foreclosed from raising the issue at this time"); *State v. Foy*, 5th Dist. Stark No. 2009-CA-00239, 2010-Ohio-2445, ¶8 (where the appellant failed to raise the issue of jury verdict form defects under *Pelfrey* during his direct appeal, res judicata barred him from raising the issue in a subsequent appeal).

{¶18} Although we need not address the merits of appellant's claims as they are precluded by res judicata, we note that the lower court's jury verdict forms contain no deficiencies. We further note that aggravated murder and aggravated robbery do not contain different degrees of seriousness. *See State v. Markins*, 4th Dist. Scioto No. 10CA3387, 2013-Ohio-602, ¶77. In addition, with regard to appellant's "prior calculation and design" argument, aggravated murder under R.C. 2903.01 at the time appellant was sentenced in 1993 stated in part:[1]

{¶19} "(A) No person shall purposely, and with prior calculation and design, cause the death of another.

{¶20} "(B) No person shall purposely cause the death of another while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson or arson, aggravated robbery or robbery, aggravated burglary or burglary, or escape."

{¶21} Contrary to appellant's assertion, we note that "prior calculation and design" is not at issue in this case. Appellant was charged with one count of aggravated murder in violation of R.C. 2903.01(B). Section (B) does not include the element of "prior calculation and design." Rather, Section (A) includes the "prior calculation and design" element. However, appellant was not charged under that section. Thus, appellant's argument that the state failed to prove "prior calculation and design" and that the phrase was not included in his verdict forms is not only barred by res judicata but is completely groundless.

---

1. *See also State v. Souders*, 5th Dist. Stark No. 1994CA00148, 1995 Ohio App. LEXIS 5982 (Nov. 6, 1995) (citing the former version of R.C. 2903.01(A) and (B)). We note that the current version of R.C. 2903.01(A) and (B) is essentially similar to the former version.

**{¶22}** Finally, appellant also now challenges his maximum, indeterminate 10 to 25 year sentence on the aggravated robbery charge. That sentence was handed down over 20 years ago on September 13, 1993. As stated, appellant, who was represented by counsel, appealed his conviction, Case No. 93-T-4948. However, he did not raise any sentencing issues. Thus, although appellant could have raised this issue in his direct appeal, he did not, so it is barred by res judicata. *See State v. Bradley*, 11th Dist. Ashtabula No. 2003-A-0102, 2006-Ohio-196, ¶18.

**{¶23}** Although we need not address the merits of appellant's sentencing claim as it is precluded by res judicata, we note that the lower court imposed a proper sentence. Appellant was sentenced prior to S.B. 2 which went into effect in 1996 and significantly overhauled Ohio's sentencing scheme. At the time of appellant's conviction, the trial court correctly imposed penalties available for an aggravated felony of the first degree, to wit: an indeterminate term of 5, 6, 7, 8, 9, or 10 to 25 years. *See, e.g., State v. Canfield*, 9th Dist. Medina No. 03CA0078-M, 2004-Ohio-2123, ¶11. Thus, appellant's sentence was within the statutory range at the time that it was imposed.

**{¶24}** Appellant's three assignments of error are barred by res judicata and are without merit.

**{¶25}** For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.

7