OPINION
{¶ 1} Appellant, Pedro Morales, appeals the sentence imposed on him by the Lake County Court of Common Pleas. At issue is whether appellant's sentence violated the ex post facto and due process clauses of the United States and Ohio Constitutions. For the reasons that follow, we affirm.
 {¶ 2} At all relevant times appellant resided on Mentor Avenue in Painesville, Ohio. He operated a music studio out of his residence called the Four Oaks Music *Page 2 
Studio. He gave violin lessons to approximately twenty students who were mostly young girls from age 5 and up.
 {¶ 3} On May 23, 2002, appellant's estranged wife called Painesville police, and reported she had found videotapes in her husband's briefcase showing appellant engaging in sexual activities with minors. She said the activities shown on the videos took place mostly at appellant's music studio.
 {¶ 4} The wife turned the videos over to the police who observed them. The police obtained a search warrant on May 24, 2002 to search appellant's home/business. Later that same day, they executed the warrant. Appellant agreed to speak with a Painesville detective. After the detective advised appellant of his rights, he admitted he had videotaped himself engaging in sexual activities with three female students at his studio.
 {¶ 5} He said that while a female victim, age 9, was playing her violin and he was standing behind her, he removed his penis from his pants and masturbated as she was standing with her back to him. At one point he stopped masturbating. He told her he was going to blindfold her and have her listen to music. After he blindfolded her, he took out his penis again and masturbated. He walked over to her and put her hand on his penis. He moved her hand back and forth on his penis until he ejaculated.
 {¶ 6} Appellant also admitted having a sexual encounter with another female student, age 6. While some students were practicing, he took the female victim's violin to his studio to tune it. She followed him. In the studio he told her he had something for her to taste, but first he would have to blindfold her. After he blindfolded her, he removed his penis, put honey on it, then put his penis in her mouth. He moved it in and out a few times and then took it out of her mouth. *Page 3 
 {¶ 7} Appellant also admitted that, while an eight-year old female victim was playing the violin in his studio with her back facing him, he blindfolded her. He said he was sexually attracted to her. He took his video camera and videotaped her by putting the camera under her dress. He was not charged in this incident.
 {¶ 8} Appellant was charged in a six-count indictment with one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree (Count 1); two counts of kidnapping in violation of R.C. 2905.01(A)(2), felonies of the second degree (Count 2 and Count 6); two counts of pandering sexually oriented matter involving a minor in violation of R.C 2907.322(A)(1) (Count 3 and Count 4), felonies of the second degree, and one count of rape in violation of R.C.2907.02(A)(1)(b), a felony of the first degree (Count 5).
 {¶ 9} Appellant subsequently pleaded guilty to Count 1, gross sexual imposition, a felony of the third degree; Count 3, pandering sexually oriented matter involving a minor, a felony of the second degree; and to a lesser included offense of Count 5, attempted rape, a felony of the second degree.
 {¶ 10} The court held a sentencing and sexual predator hearing on December 30, 2002. Following that hearing, the trial court sentenced appellant to serve four years in prison on Count 1, seven years in prison on Count 3, and seven years in prison on Count 5. The sentences imposed on Count 1 and Count 3 were to run concurrent with each other, but consecutive to the sentence imposed on Count 5, for a total of fourteen years. The trial court also found appellant to be a sexual predator.
 {¶ 11} Appellant appealed his sentence and sexual predator determination when this court affirmed in State v. Morales, 11th Dist. No. 2003-L-025, 2004-Ohio-7239. Appellant appealed to the Ohio Supreme Court. In In re Ohio Criminal Sentencing *Page 4 Statutes Cases (2006), 109 Ohio St.3d 313, 2006-Ohio-2109, the Supreme Court reversed in part and remanded the case to the trial court for resentencing under State v. Foster (2006), 109 Ohio St.3d 1,2006-Ohio-856.
 {¶ 12} The court resentenced appellant to the same term of imprisonment, i.e., four years on Count 1, seven years on Count 3, and seven years on Count 5. The sentences imposed on Count 1 and Count 3 were to run concurrent with each other, but consecutive to the sentence imposed on Count 5, for a total of fourteen years. Appellant appeals this sentence. He asserts the following assignments of error:
 {¶ 13} "[1] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 14} "[2] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 15} "[3.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS BASED ON THE OHIO SUPREME COURT'S SEVERANCE OF THE OFFENDING PROVISIONS UNDER FOSTER, WHICH WAS AN ACT IN VIOLATION OF THE PRINICPLE [SIC] OF SEPARATION OF POWERS.
 {¶ 16} "[4] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS CONTRARY TO THE RULE OF LENITY. *Page 5 
 {¶ 17} "[5.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERMS CONTRARY TO THE INTENT OF THE OHIO LEGISLATORS."
 {¶ 18} Collectively, appellant asserts his sentence is unconstitutional because he committed his crimes prior to the Ohio Supreme Court's decision in State v. Foster, supra, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has recently addressed appellant's exact arguments in State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. In Elswick we held the verbatim assignments of error that are raised in this appeal to be without merit.
 {¶ 19} Based on the authority of Elswick, appellant's assignments of error are without merit.
 {¶ 20} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1